
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MICHAEL A. TROGDON, II, | No. 22-16461 |
| Plaintiff-Appellant, | DC No. 1:21-cv-00387-SAB |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding**

Argued and Submitted August 16, 2024
San Francisco, California

Before: TASHIMA, CALLAHAN, and KOH, Circuit Judges.

Michael A. Trogdon, II, appeals from the district court's judgment affirming

the Commissioner of Social Security's decision denying Trogdon's application for

disability benefits under Title II of the Social Security Act. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

under 28 U.S.C. § 1291. We review de novo the district court's judgment and will set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). We affirm.

The Administrative Law Judge ("ALJ") provided clear and convincing reasons supported by substantial evidence for discounting Trogdon's testimony regarding the severity of his symptoms, including inconsistency with the medical record and Trogdon's daily activities, and evidence that his symptoms had improved with treatment. *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (explaining that the ALJ considers the effectiveness of medications and other treatment in evaluating the reliability of symptom testimony); *id.* § 404.1529(c)(4) (explaining that the ALJ considers the extent to which the claimant's allegations are consistent with the objective medical and other evidence); *Smartt*, 53 F.4th at 499 (explaining that the ALJ may discredit a claimant's symptoms testimony as inconsistent with reported daily activities); *see also id.* at 497 ("When a claimant presents objective medical evidence establishing an impairment 'that could reasonably produce the symptoms of which she complains, an adverse credibility finding must be based on clear and convincing reasons.'" (citation omitted)).

The ALJ did not err in discounting the lay witness statement of Trogdon's wife without articulating germane reasons. First, under the revised regulations

applicable to this claim, the ALJ is "not required to articulate how [he] considered evidence from nonmedical sources." 20 C.F.R. § 404.1520c(d). Second, even if the requirement that the ALJ provide germane reasons for discounting lay witness testimony still applies, any error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1114–15, 1122 (9th Cir. 2012) (explaining this requirement and holding that the ALJ's failure to provide germane reasons to discount lay witness testimony was harmless where the evidence that the ALJ cited in discrediting the claimant's testimony also discredited the lay witness testimony), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

The ALJ's finding that the treating physicians' opinions were unpersuasive is supported by substantial evidence, including the treating physicians' notes, the medical record, and Trogdon's daily activities. *See* 20 C.F.R. § 404.1520c(b) (explaining that the agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each source, and "explain how [it] considered the supportability and consistency factors"); *id.* § 404.1520c(c)(1), (c)(2); *Kitchen v. Kijakazi*, 82 F.4th 732, 740–41 (9th Cir. 2023) (upholding the ALJ's finding that a medical opinion was not persuasive where the assessment of severe limitations was inconsistent with the doctor's own treatment notes); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that an ALJ may reject a medical opinion "if it is based 'to a large extent' on a claimant's self-reports that have been

properly discounted" (citation omitted)).

The hypothetical posed by the ALJ to the vocational expert ("VE") incorporated Trogdon's sit-stand limitation; therefore, the ALJ did not err in relying on the VE's testimony at step five. *See* SSR 83-12, 1983 WL 31253, at *4; *Gallant v. Heckler*, 753 F.2d 1450, 1457 (9th Cir. 1984) (explaining that under SSR 83-12, for a claimant with sit-stand limitations, "[b]ecause the occupational base is greatly reduced, the ALJ is directed to consult a vocational expert"); *see also Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (explaining that at step five the Commissioner must show that there are significant jobs in the national economy that the claimant can do, either by relying on the testimony of a VE or by reference to the Medical-Vocational Guidelines).

We do not consider matters raised for the first time on appeal. *See Smartt*, 53 F.4th at 500–01.

**AFFIRMED.**